Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

SEGUNDO MANUEL MARIA BONILLA CHUMA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

KROYWEN REALTY & CONSTRUCTION CORP., and PMR HOLDINGS LLC, PETER T. MILCETIC and ROSE MARIE MILCETIC, as individuals,

Defendants.

---------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, **SEGUNDO MANUEL MARIA BONILLA CHUMA**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **KROYWEN REALTY & CONSTRUCTION CORP., and PMR HOLDINGS LLC, PETER T. MILCETIC and ROSE MARIE MILCETIC, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **KROYWEN REALTY & CONSTRUCTION CORP. and PMR HOLDINGS LLC**, located at 36-02 Astoria Boulevard, Astoria, NY 11103.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**<u>JURISDICTION AND VENUE</u>**

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

**<u>THE PARTIES</u>**

***<u>The Plaintiff</u>***

7. Plaintiff SEGUNDO MANUEL MARIA BONILLA CHUMA residing in Corona, New York was employed by Defendants from in or around September 2024 until in or around April 2026.

***<u>The Corporate Defendants</u>***

**<u>KROYWEN REALTY & CONSTRUCTION CORP.</u>**

8. Defendant, KROYWEN REALTY & CONSTRUCTION CORP. is a New York domestic business corporation under the laws of New York with a principal executive office and service of process address at 36-02 Astoria Boulevard, Astoria, NY 11103.

9. Defendant KROYWEN REALTY & CONSTRUCTION CORP. owned, operated, and/or conducted business at 36-02 Astoria Boulevard, Astoria, NY 11103, and 94-50 158 St 1017, Jamaica, NY 11433.

10. At all relevant times hereto, Defendant KROYWEN REALTY & CONSTRUCTION CORP., through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees including Plaintiff in the

performance of his duties, which among others include scheduling of work and payment of wages.

11. Accordingly, at all relevant times hereto, Defendant KROYWEN REALTY & CONSTRUCTION CORP. was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

**PMR HOLDINGS LLC**

12. Defendant, PMR HOLDINGS LLC is a New York limited liability company under the laws of New York with a principal executive office and service of process address at 36-02 Astoria Boulevard, Astoria, NY 11103.

13. Defendant PMR HOLDINGS LLC owned, operated, and/or conducted business at 36-02 Astoria Boulevard, Astoria, NY 11103, and 94-50 158 St 1017, Jamaica, NY 11433.

14. At all relevant times hereto, Defendant PMR HOLDINGS LLC, through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

15. Accordingly, at all relevant times hereto, Defendant PMR HOLDINGS LLC was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

**Joint Enterprise(s) of the Corporate Defendants**

16. At all times relevant to this action, Corporate Defendants were Plaintiff's employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiff.

17. Upon information and belief, Corporate Defendants shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.

18. Corporate Defendants functioned as a single integrated enterprise for purposes of the NYLL.

19. At all relevant times hereto, Defendants KROYWEN REALTY & CONSTRUCTION CORP. and PMR HOLDINGS LLC simultaneously operated at and on the same job sites where Plaintiff performed work.

20. At all times relevant hereto, Defendants KROYWEN REALTY & CONSTRUCTION CORP. and PMR HOLDINGS LLC acted as a single employer in general and as joint employers with respect to Plaintiff, as Defendants held out Plaintiff as the employees of both entities.

21. The Corporate entities functioned as a single integrated enterprise during Plaintiff's employment by Defendants.

22. Accordingly, at all relevant times hereto, Defendants KROYWEN REALTY & CONSTRUCTION CORP. and PMR HOLDINGS LLC, were Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

23. At all times relevant to the allegations contained in the complaint, Corporate Defendants were and are, enterprises engaged in interstate commerce within the meaning of the FLSA, and that, KROYWEN REALTY & CONSTRUCTION CORP. and PMR HOLDINGS LLC, (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and have had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

***Individual Defendants***

**PETER T. MILCETIC and ROSE MARIE MILCETIC**

24. At all relevant times hereto, Defendants PETER T. MILCETIC and ROSE MARIE MILCETIC owns, operates and/or controls KROYWEN REALTY & CONSTRUCTION CORP. and PMR HOLDINGS LLC.

25. Upon information and belief, Defendants PETER T. MILCETIC and ROSE MARIE MILCETIC are agents of KROYWEN REALTY & CONSTRUCTION CORP. and PMR HOLDINGS LLC.

26. At all relevant times hereto, Defendants PETER T. MILCETIC and ROSE MARIE MILCETIC are responsible for overseeing the daily operations of KROYWEN REALTY & CONSTRUCTION CORP. and PMR HOLDINGS LLC.

27. At all relevant times hereto, Defendants PETER T. MILCETIC and ROSE MARIE MILCETIC have power and authority over all the final personnel decisions at KROYWEN REALTY & CONSTRUCTION CORP. and PMR HOLDINGS LLC.

28. At all relevant times hereto, Defendants PETER T. MILCETIC and ROSE MARIE MILCETIC have power and authority over all final payroll decisions of KROYWEN REALTY & CONSTRUCTION CORP. and PMR HOLDINGS LLC, including the Plaintiff.

29. At all relevant times hereto, Defendants PETER T. MILCETIC and ROSE MARIE MILCETIC have exclusive final power to hire the employees of KROYWEN REALTY & CONSTRUCTION CORP. and PMR HOLDINGS LLC, including the Plaintiff.

30. At all relevant times hereto, Defendants PETER T. MILCETIC and ROSE MARIE MILCETIC have exclusive final power over the firing and terminating of the employees of KROYWEN REALTY & CONSTRUCTION CORP. and PMR HOLDINGS LLC, including Plaintiff.

31. At all relevant times hereto, Defendants PETER T. MILCETIC and ROSE MARIE MILCETIC were responsible for determining, establishing, and paying the wages of all employees of KROYWEN REALTY & CONSTRUCTION CORP. and PMR HOLDINGS LLC, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

32. Accordingly, at all relevant times hereto, Defendants PETER T. MILCETIC and ROSE MARIE MILCETIC were Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL

## FACTUAL ALLEGATIONS

33. Plaintiff SEGUNDO MANUEL MARIA BONILLA CHUMA was employed by Defendants as a construction worker and laborer, while performing related miscellaneous duties for the Defendants from in or around September 2024 until in or around April 2026.

34. During his employment, Plaintiff SEGUNDO MANUEL MARIA BONILLA CHUMA regularly worked approximately six (6) days, however, Plaintiff regularly

worked approximately seven (7) days during the months of June, July and August ("the Summer Months").

35. Plaintiff SEGUNDO MANUEL MARIA BONILLA CHUMA regularly worked approximately ten (10) hours per day from in or around September 2024 until in or around April 2026.

36. Thus, during his employment, SEGUNDO MANUEL MARIA BONILLA CHUMA worked approximately sixty (60) hours per week, with the exception of the Summer Months, when Plaintiff worked approximately seventy (70) hours per week.

37. Plaintiff SEGUNDO MANUEL MARIA BONILLA CHUMA was paid by Defendants a flat daily rate of approximately $135.00 per day in or around September 2024 until in or around April 2026.

38. Defendants paid Plaintiff in check.

39. Although Plaintiff SEGUNDO MANUEL MARIA BONILLA CHUMA worked approximately sixty (60) to seventy (70) hours per week during his employment, Defendants did not pay Plaintiff time-and-a-half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

40. Additionally, Defendants failed to pay Plaintiff SEGUNDO MANUEL MARIA BONILLA CHUMA the legally prescribed minimum wage for all his hours worked from September 2024 until in or around April 2026, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

41. Moreover, Plaintiff was paid by Defendants approximately every two weeks from in or around September 2024 until in or around April 2026. As such, Defendants failed to timely pay Plaintiff for his first two weeks of wages each three-week period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis

42. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

43. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

44. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

45. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

46. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

47. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

49. Collective Class: All persons who are or have been employed by the Defendants as construction workers and laborers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

50. Upon information and belief, Defendants employed approximately 20 or more employees within the relevant time period who were subjected to similar payment structures.

51. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

52. Defendants' unlawful conduct has been widespread, repeated, and consistent.

53. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

54. Defendants' conduct as set forth in this Complaint was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

55. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

56. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

57. The claims of Plaintiff are typical of the claims of the putative class.

58. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

59. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## <u>FIRST CAUSE OF ACTION</u>

### Overtime Wages Under The Fair Labor Standards Act

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

62. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

63. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

64. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

65. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

66. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

69. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

70. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

**<u>THIRD CAUSE OF ACTION</u>**

**Minimum Wages Under New York Labor Law**

71. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

72. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

73. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

74. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

75. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

76. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

77. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

**<u>FOURTH CAUSE OF ACTION</u>**

**Violation of Frequency of Pay Under New York Labor Law**

78. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

79. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis on which their wages were earned, in violation of New York Labor Law § 191.

80. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

81. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

**FIFTH CAUSE OF ACTION**

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

82. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

84. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**Violation of the Wage Statement Requirements of the New York Labor Law**

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

87. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff unpaid overtime wages;
c. Awarding Plaintiff unpaid minimum wages;
d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiff's damages for Defendants' failure to timely pay Plaintiff's wages;
f. Awarding Plaintiff prejudgment and post-judgment interest;
g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
h. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: August 19, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEGUNDO MANUEL MARIA BONILLA CHUMA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

KROYWEN REALTY & CONSTRUCTION CORP., and PMR HOLDINGS LLC, PETER T. MILCETIC and ROSE MARIE MILCETIC, as individuals,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:

*Via Secretary of State:*
**KROYWEN REALTY & CONSTRUCTION CORP. (DOS ID: 1037728)**
36-02 Astoria Boulevard, Astoria, NY 11103

**PMR HOLDINGS LLC (DOS ID: 2784016)**
36-02 Astoria Boulevard, Astoria, NY 11103

*Via Personal Service:*
**KROYWEN REALTY & CONSTRUCTION CORP.**
36-02 Astoria Boulevard, Astoria, NY 11103
**PMR HOLDINGS LLC**
36-02 Astoria Boulevard, Astoria, NY 11103

**PETER T. MILCETIC**
36-02 Astoria Boulevard, Astoria, NY 11103

**ROSE MARIE MILCETIC**
36-02 Astoria Boulevard, Astoria, NY 11103